UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KASHNER DAVIDSON SECURITIES CORP., | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No. 05-CV-11433-JLT |
| STEVEN MSCISZ, MARK MSCISZ & LYNDA MSCISZ, | ) ) ) ) | |
| *Defendants.* | ) ) | |

### ANSWER, AFFIRMATIVE DEFENSES & COUNTERCLAIMS

The defendants, Steven Mscisz, Mark Mscisz and Lynda Mscisz (collectively "Customers") respond to the "Plaintiff's Complaint and Application to Confirm an Arbitration Award and Entry of Judgment" ("Complaint") filed by plaintiff Kashner Davidson Securities Corporation ("KDSC") as follows:

1. Admitted.

2. The Customers deny that there is any jurisdiction legally known as "the State of Massachusetts", but they admit the remainder of this paragraph.

3. The Customers deny that they "opened retail brokerage accounts with KDSC," that the arbitration clauses of their customer account agreements contained an "express, unambiguous agreement to submit any and all controversies" between them and KDSC to arbitration before a panel convened by the NASD, and that any document identified as "Exhibit 1" was appended to the copies of the Complaint served upon them. The Customers admit the remainder of this paragraph.

4.  Admitted.

5.  To the extent this paragraph implies that their agreement to submit the dispute to arbitration was unqualified, it is denied. The Customers admit the remainder of this paragraph.

6.  To the extent this paragraph implies that the Customers were afforded access to and thus permitted to present all witnesses and evidence necessary to their case, it is denied. This paragraph is further denied to the extent it implies that KDSC presented witnesses and evidence in the manner specified by the NASD's Code of Arbitration Procedure or that the arbitrators' decision was issued in accordance with "the rules of the NASD." The Customers admit the remainder of this paragraph.

7.  The Customers deny that any document identified as "Exhibit 2" was appended to the copies of the Complaint served upon them. The Customers admit the remainder of this paragraph.

8.  The Customers deny that any document identified as "Exhibit 2" was appended to the copies of the Complaint served upon them. To the extent this paragraph's use of the phrase "[p]ursuant to the Award" implies that the arbitrators' Award itself conferred some unspecified powers upon them, it is denied. This paragraph is further denied to the extent it suggests that KDSC was lawfully entitled to the relief specified in the Award, that the Award was the product of a fair arbitration process, or that there was any basis in the arbitration record for holding the Customers "jointly and severally" liable for "$421,000.00 in compensatory damages." The Customers admit the remainder of this paragraph.

9. The Customers deny that any document identified as "Exhibit 2" was appended to the copies of the Complaint served upon them. To the extent this paragraph implies that the arbitrators were empowered to dismiss the Counterclaims and Third-Party Claims with prejudice, or that they lawfully did so, it is denied. The Customers admit the remainder of this paragraph.

### *First Affirmative Defense*

The arbitrators exceeded their powers.

### *Second Affirmative Defense*

The arbitrators refused to hear evidence material to the controversy and otherwise conducted the arbitration hearing in such a way as to prejudice the rights of the Customers.

### *Third Affirmative Defense*

The Award was procured by undue means.

### *Fourth Affirmative Defense*

The arbitrators acted in manifest disregard of the law.

### *Fifth Affirmative Defense*

The arbitrators refused to postpone the hearing at the Customers' request, notwithstanding sufficient cause for such a postponement.

### *Sixth Affirmative Defense*

The Award encompassed issues the Customers had not agreed to submit to arbitration.

### *Seventh Affirmative Defense*

Even if the Award is not vacated altogether, it contains errors that require correction.

### *Eighth Affirmative Defense*

The Complaint must be dismissed because it failed to join necessary parties as plaintiffs.

### *Counterclaims*

The Customers incorporate hereinto by reference, as if fully set forth in this pleading, the averments and prayers for relief set forth in the "Complaint for Vacation or Modification of Arbitration Award" they filed in *Steven Mscisz, et al., v. Kashner Davidson Securities Corp., et al.,* Case No. 05-CV-11331-JLT.

WHEREFORE, for the reasons set out above, the Customers respectfully request that the Court dismiss KDSC's Complaint and:

a.  Enjoin enforcement of the Award and accrual of interest thereupon pending its determination of this action and Case No. 05-CV-11331-JLT; and

b.  Either:

   i.  Vacate the Award, direct a rehearing of KDSC's claims against the Customers by a new panel of arbitrators, order those arbitrators to afford the Customers fair and complete discovery and a fair and complete hearing concerning their counterclaims against KDSC (to the extent arbitration of such counterclaims is mandatory), and leave the Customers to their judicial remedies concerning the counterclaims and third party claims of which arbitration is not mandatory; or

   ii. Correct or modify the Award as prayed for in the Customers' complaint in Case No. 05-CV-11331-JLT; and

c.  Grant such other relief as the Court deems necessary and just.

**TO THE EXTENT ANY ISSUE RAISED BY KDSC'S COMPLAINT MAY BE TRIED BY A JURY, THE CUSTOMERS DEMAND SUCH A TRIAL.**

Respectfully submitted,

STEVEN MSCISZ,
MARK MSCISZ & LYNDA MSISZ,

By their attorney,

*/s/ William P. Corbett, Jr.*

---

William P. Corbett, Jr. (BBO #561201)
THE CORBETT LAW FIRM
 *A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
(781) 596-9300

Dated: July 14, 2005