UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------------
                                                    )
KASHNER DAVIDSON SECURITIES CORP.,                  )
VICTOR KASHNER, MATTHEW MEISTER,                    )        Case No. 05-CV-11433-JLT
and TIMOTHY VARCHETTO,                              )
                                                    )
        Plaintiffs,                                 )
                                                    )
        vs.                                         )
                                                    )
STEVEN MSCISZ, MARK MSCISZ, and                     )
LYNDA MSCISZ,                                       )
                                                    )
        Defendants.                                 )
                                                    )
-----------------------------------------------------------------

**REPLY TO COUNTERCLAIMS**

Plaintiffs Kashner Davidson Securities Corporation, ("KDSC"), Victor Kashner,

Matthew Meister, and Timothy Varchetto, by their undersigned counsel, for their Reply to

Defendants' Counterclaims to their Amended Complaint to modify and confirm an arbitration

award entered in their favor and against Defendants Steven Mscisz, Mark Mscisz, and Lynda

Mscisz, respond as follows:

1.      Plaintiffs aver that paragraph 1 sets forth a general description of Defendants'

claims to which no responsive response is required.

2.      Plaintiffs deny the allegations contained in paragraph 2.

3.      Plaintiffs admit the allegations contained in paragraph 3.

4.      Plaintiffs admit the allegations contained in paragraph 4.

5.      Plaintiffs admit the allegations contained in paragraph 5.

6.      Plaintiffs admit the allegations contained in paragraph 6.

7.      Plaintiffs admit the allegations contained in paragraph 7.

8.      Plaintiffs admit the allegations contained in paragraph 8.

9.      Plaintiffs admit the allegations contained in paragraph 9 that Kashner resides in Florida, he is a registered representative of KDSC, he is a shareholder of KDSC, Chairman of KDSC, and he was a third-party respondent in the Arbitration.  With respect to the remaining allegations, Plaintiffs refer to the cases therein for the contents thereof – the facts of which are not material to this proceeding to confirm an arbitration award.

10.     Plaintiffs admit the allegations contained in paragraph 10.

11.     Plaintiffs admit the allegations contained in paragraph 11.

12.     Plaintiffs admit the allegations contained in paragraph 12.

13.     Plaintiffs admit that this Court has jurisdiction over this matter and otherwise aver that paragraph 13 sets forth a general legal opinion of counsel as to the additional basis for jurisdiction for which no responsive response is required.

14.     Plaintiffs deny the allegations contained in paragraph 14 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

15.     Plaintiffs deny the allegation contained in paragraph 15 on the grounds that this allegation has already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

16.     Plaintiffs deny the allegations contained in paragraph 16.

17.     Plaintiffs deny the allegations contained in paragraph 17 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

18.     Plaintiffs deny the allegations contained in paragraph 18.

19.     Plaintiffs deny the allegations contained in paragraph 19 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding, except admit that Defendants entered into agreements with SALI concerning their accounts maintained at KDSC.

20.     Plaintiffs deny the allegations contained in paragraph 20 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

21.     Plaintiffs deny the allegations contained in paragraph 21 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding, except admit that Defendants purchased shares of VAPH in their accounts at KDSC.

22.     Plaintiffs admit the allegations contained in paragraph 22.

23.     Plaintiffs admit the allegations contained in paragraph 23.

24.     Plaintiffs deny the allegations contained in paragraph 24.

25.     Plaintiffs deny the allegations contained in paragraph 25.

26.     Plaintiffs deny the allegations contained in paragraph 26.

27.     Plaintiffs deny the allegations contained in paragraph 27 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

28.     Plaintiffs admit the allegations contained in paragraph 28 that the account maintained by Steven at KDSC was a separate account from the joint account maintained by Mark and Lynda at KDSC.

29.     Plaintiffs admit the allegations contained in paragraph 29.

30.     Plaintiffs admit the allegations contained in paragraph 30.

31.     Plaintiffs admit the allegations contained in paragraph 31.

32.     Plaintiffs deny the allegations contained in paragraph 32.

33.     Plaintiffs deny the allegations contained in paragraph 33.

34.     Plaintiffs deny the allegations contained in paragraph 34.

35.     Plaintiffs deny the allegations contained in paragraph 35 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

36.     Plaintiffs deny the allegations contained in paragraph 36 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

37.     Plaintiffs deny the allegations contained in paragraph 37 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

38.     Plaintiffs deny the allegations contained in paragraph 38 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

39.     Plaintiffs deny the allegations contained in paragraph 39 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

40.    Plaintiffs deny the allegations contained in paragraph 40 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

41.    Plaintiffs deny the allegations contained in paragraph 41 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

42.    Plaintiffs deny the allegations contained in paragraph 42 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

43.    Plaintiffs deny the allegations contained in paragraph 43 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

44.    Plaintiffs deny the allegations contained in paragraph 44 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

45.    Plaintiffs deny the allegations contained in paragraph 45 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

46.    Plaintiffs admit the allegations contained in paragraph 46.

47.    Plaintiffs deny the allegation contained in paragraph 47, except admit that the Defendants' Answer asserted affirmative defenses, counterclaims against KDSC, and third-party claims against Kashner, Meister, and Varchetto.

48.    Plaintiffs admit the allegation contained in paragraph 48.

49.    Plaintiffs deny the allegations contained in paragraph 49 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

50.    Plaintiffs admit the allegations contained in paragraph 50.

51.    Plaintiffs deny the allegations contained in paragraph 51 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

52.    Plaintiffs deny the allegations contained in paragraph 52 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding, except admit that Kashner and KDSC signed Uniform Submission Agreements.

53.    Plaintiffs deny the allegations contained in paragraph 53 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

54.    Plaintiffs deny the allegations contained in paragraph 54 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding, except admit that Defendants signed a submission agreement and submitted their claims against Plaintiffs to arbitration before the NASD.

55.    Plaintiffs admit the allegations contained in paragraph 55.

56.    Plaintiffs deny the allegations contained in paragraph 56 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

57.    Plaintiffs deny the allegations contained in paragraph 57 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

58.    Plaintiffs deny the allegations contained in paragraph 58 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding, except admit that Defendants submitted discovery requests in the arbitration.

59.    Plaintiffs deny the allegations contained in paragraph 59 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

60.    Plaintiffs deny the allegations contained in paragraph 60 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

61.    Plaintiffs deny the allegations contained in paragraph 61 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

62.    Plaintiffs deny the allegations contained in paragraph 62 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding, except admit that Defendants made a motion to compel discovery.

63.    Plaintiffs deny the allegations contained in paragraph 63 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the

subject-matter of this proceeding, except admit that the learned Chairperson, after the matter had been fully briefed, largely denied Defendants' motion to compel.

64.    Plaintiffs deny the allegations contained in paragraph 64, except admit that discovery in the arbitration is committed to the discretion of the Panel or its designee.

65.    Plaintiffs deny the allegations contained in paragraph 65.

66.    Plaintiffs deny the allegations contained in paragraph 66.

67.    Plaintiffs deny the allegations contained in paragraph 67, except admit that Defendants made motions for reconsideration of the discovery order and other discovery motions.

68.    Plaintiffs deny the allegations contained in paragraph 68, except admit that Defendants made a motion to withdraw their counterclaim and third-party claims.

69.    Plaintiffs deny the allegations contained in paragraph 69.

70.    Plaintiffs deny the allegations contained in paragraph 70, except admit that the Panel denied Defendants' motion to withdraw their counterclaim and third-party claims and admit that the Panel dismissed Defendants' counterclaim and third-party claims with prejudice.

71.    Plaintiffs deny the allegations contained in paragraph 71 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

72.    Plaintiffs deny the allegations contained in paragraph 72 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

73.     Plaintiffs deny the allegations contained in paragraph 73 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

74.     Plaintiffs deny the allegations contained in paragraph 74 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

75.     Plaintiffs deny the allegations contained in paragraph 75 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

76.     Plaintiffs deny the allegations contained in paragraph 76.

77.     Plaintiffs deny the allegations contained in paragraph 77.

78.     Plaintiffs admit the allegations contained in paragraph 78.

79.     Plaintiffs admit the allegations contained in paragraph 79 that the NASD selected Boston as the hearing location as an accommodation for the Defendants.

80.     Plaintiffs admit the allegations contained in paragraph 80.

81.     Plaintiffs admit the allegations contained in paragraph 81.

82.     Plaintiffs deny the allegations contained in paragraph 82, except admit that Defendants filed a motion for reconsideration of their motion to disqualify counsel, which the Panel denied.

83.     Plaintiffs deny the allegations contained in paragraph 83, except admit that Defendants filed an action seeking a declaratory judgment before the Single Justice.

84.     Plaintiffs deny the allegations contained in paragraph 84 and refer the Court to the Memorandum of Decision and Judgment issued by Judge Cordy.  A copy of which is annexed hereto as Exhibit A.

85.     Plaintiffs admit the allegations contained in paragraph 85 and further aver that there is a motion pending to dismiss the appeal, which has been referred by the Full Court to a Single Justice for determination.

86.     Plaintiffs deny the allegations contained in paragraph 86 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

87.     Plaintiffs deny the allegations contained in paragraph 87 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

88.     Plaintiffs deny the allegations contained in paragraph 88, except admit that the hearing occurred on May 17 and 18, 2005.

89.     Plaintiffs admit the allegations contained in paragraph 89 and aver that the Single Justice had determined that Counsel's participation at the hearing was not the unauthorized practice of law.  *See* Exhibit A.

90.     Plaintiffs admit the allegations contained in paragraph 90.

91.     Plaintiffs deny the allegations contained in paragraph 91.

92.     Plaintiffs deny the allegations contained in paragraph 92 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

93.     Plaintiffs deny the allegations contained in paragraph 93 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

94.     Plaintiffs deny the allegations contained in paragraph 94 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

95.     Plaintiffs deny the allegations contained in paragraph 95 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

96.     Plaintiffs deny the allegations contained in paragraph 96 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

97.     Plaintiffs deny the allegations contained in paragraph 97 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

98.     Plaintiffs deny the allegations contained in paragraph 98 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding, except admit that during the hearing, Defendants made an oral motion to dismiss, which was denied.

99.     Plaintiffs deny the allegations contained in paragraph 99 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

100.    Plaintiffs deny the allegations contained in paragraph 100 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

101.    Plaintiffs deny the allegations contained in paragraph 101 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding, except admit that Plaintiffs made a motion to amend the pleadings to confirm to the evidence, which the Panel granted.

102.    Plaintiffs deny the allegations contained in paragraph 102.

103.    Plaintiffs deny the allegations contained in paragraph 103.

104.    Plaintiffs admit the allegations contained in paragraph 104.

105.    Plaintiffs admit the allegations contained in paragraph 105.

106.    Plaintiffs deny the allegations contained in paragraph 106 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

107.    Plaintiffs admit the allegations contained in paragraph 107.

108.    Plaintiffs deny the allegations contained in paragraph 108 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding, except admit that, after being asked to "state affirmatively whether you have had a full and fair opportunity to be heard", Defendants' Counsel stated "no" and aver that he later qualified his response.

109.    Plaintiffs admit the allegations contained in paragraph 109 and respectfully refer the Court to the arbitration award – a copy of which is annexed to the Amended Complaint.

110.    Plaintiffs deny the allegations contained in paragraph 110 and aver that Plaintiffs pled that Mark and Lynda Mscisz to be held joint and severally liable.

111.    Plaintiffs admit the allegations contained in paragraph 111.

112.    Plaintiffs deny knowledge or information sufficient to form the basis as to the truth of the allegations contained in paragraph 112.

113.    Plaintiffs repeat and reallege each of the aforementioned responses as though fully set forth herein in response to the allegations contained in paragraph 113.

114.    Plaintiffs aver that there are no factual allegations to either admit or deny in paragraph 114, which sets forth a statement of law.

115.    Plaintiffs deny the allegations contained in paragraph 115.

116.    Plaintiffs deny the allegations contained in paragraph 116.

117.    Plaintiffs repeat and reallege each of the aforementioned responses as though fully set forth herein in response to the allegations contained in paragraph 117.

118.    Plaintiffs deny the allegations contained in paragraph 118.

119.    Plaintiffs deny the allegations contained in paragraph 119.

120.    Plaintiffs deny the allegations contained in paragraph 120.

121.    Plaintiffs deny the allegations contained in paragraph 121.

122.    Plaintiffs repeat and reallege each of the aforementioned responses as though fully set forth herein in response to the allegations contained in paragraph 122.

123.    Plaintiffs aver that there are no factual allegations to either admit or deny in paragraph 123, which sets forth a statement of law.

124.    Plaintiffs deny the allegations contained in paragraph 124.

125.    Plaintiffs deny the allegations contained in paragraph 125.

126.    Plaintiffs repeat and reallege each of the aforementioned responses as though fully set forth herein in response to the allegations contained in paragraph 126.

127.    Plaintiffs aver that there are no factual allegations to either admit or deny in paragraph 127, which sets forth a statement of law.

128.    Plaintiffs deny the allegations contained in paragraph 128.

129.    Plaintiffs deny the allegations contained in paragraph 129.

130.    Plaintiffs repeat and reallege each of the aforementioned responses as though fully set forth herein in response to the allegations contained in paragraph 130.

131.    Plaintiffs aver that there are no factual allegations to either admit or deny in paragraph 131, which sets forth a statement of law.

132.    Plaintiffs deny the allegations contained in paragraph 132.

133.    Plaintiffs deny the allegations contained in paragraph 133.

134.    Plaintiffs repeat and reallege each of the aforementioned responses as though fully set forth herein in response to the allegations contained in paragraph 134.

135.    Plaintiffs deny the allegations contained in paragraph 135, which purports to set forth a statement of law.

136.    Plaintiffs deny the allegations contained in paragraph 136 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding, except admit that Defendants agreed to arbitrate disputes with KDSC.

137.    Plaintiffs deny the allegations contained in paragraph 137.

138.    Plaintiffs deny the allegations contained in paragraph 138, except admit that neither Meister nor Varchetto executed an agreement to arbitrate and aver that, as associated

persons of an NASD member firm that they were required to submit to arbitration any claim filed by a public customer, here Defendants, and submitted to the jurisdiction of the NASD when they filed their Answer to the claims filed by Defendants.

139.    Plaintiffs deny the allegations contained in paragraph 139 on the grounds that these allegations have already been decided by the arbitration panel in the arbitration that is the subject-matter of this proceeding.

140.    Plaintiffs deny the allegations contained in paragraph 140.

141.    Plaintiffs repeat and reallege each of the aforementioned responses as though fully set forth herein in response to the allegations contained in paragraph 141.

142.    Plaintiffs admit the allegations contained in paragraph 142, which set forth a statement of law.

143.    Plaintiffs deny the allegations contained in paragraph 143, except admit that any compensatory damages should be allocated to the appropriate parties and aver that the attorneys' fees should be joint and several among the Defendants.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

A Court's review of an arbitrator's decision is extremely narrow and exceedingly deferential; accordingly, an arbitrator's decision may only be vacated upon: one of the statutory provisions set forth in section 10(a) of the Federal Arbitration Act, one of the statutory provisions set forth in section 12 of the Massachusetts Uniform Arbitration Act, or the limited judicially created ground of manifest disregard of the law – none of which are present in this case.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Arbitrators did not exceed their powers or scope of authority, and they properly ruled on all disputes submitted to arbitration by the parties.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Under Rule 10101(c) of the NASD Code, Defendants' submission of their dispute with Kashner, Meister and Varchetto was a matter eligible for submission to arbitration before the NASD because it was a dispute between associated persons of an NASD member firm (Kashner, Meister and Varchetto) and public customers (Defendants). Further, under Rule 10301(a) of the NASD Code, Kashner, Meister and Varchetto were required to submit the dispute to arbitration because Defendants, as public customers, had demanded that they arbitration this dispute before the NASD. Accordingly, as public customers demanding the Individual Plaintiffs to submit their dispute to arbitration, Defendants unequivocally and irrevocably submitted their dispute with Kashner, Meister and Varchetto to arbitration before the NASD.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

By demanding arbitration and submitting their dispute with the Individual Plaintiffs to arbitration before the NASD and their active participation in the arbitration proceeding – *inter alia,* accepting the Panel, requesting discovery, filing motions – Defendants affirmative waived the right to pursue their dispute before the Courts.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Notwithstanding their counsel's crafty draftsmanship of a "conditional" arbitration submission agreement, Defendants' active participation and filing of motions seeking relief from the Panel operated as a waiver of their right to pursue their judicial remedies.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Arbitration Panel did not exceed its powers as they duly exercised their discretion to make rulings and interpret the NASD Code as provided by Rule 10324 of the NASD Code and as a matter of law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Arbitration Panel did not exceed its powers by allowing KDSC to amend its pleading to the proof adduced at the hearing.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

The Arbitration Panel's decision to deny certain of Defendants' onerous discovery requests did not result in the refusal to hear evidence.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The purported manifest abuse of discretion in deciding discovery issues is not a basis to vacate an award under the Federal Arbitration Act or Massachusetts' Uniform Arbitration Act.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The NASD Code vest full discretion in the Arbitration Panel to govern and render decision on discovery issues. While the NASD Discovery Guide identifies documents that are presumptively discoverable, a party may overcome such a presumption. Here, the Arbitrator ordered the production of documents concerning Defendants' accounts at KDSC – such as account statements, new account documentation, documentation concerning the transactions in the account, and telephone records of calls between KDSC and Defendants, which were timely produced to Defendants. Thus, Defendants had documents available to them to offer into evidence in connection with their purported fraud, suitability, unauthorized trading, or other

trumped-up claims and/or defenses – Defendants simply chose not to submit such evidence to the Panel.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Defendants had the opportunity to present any documentary evidence concerning any of their affirmative defenses; Defendants had the opportunity to fully cross-examine their broker, Varchetto, concerning the activity in their KDSC accounts; and Defendants had the opportunity to call any other person as a witness in their direct case concerning the trading in their KDSC accounts. Accordingly, the Panel did not refuse to hear evidence presented by the parties at the hearing.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The Panel dismissal of Defendants' Counterclaims and Third-Party Claims was not manifest disregard of the law. The Panel stated, on the record, that they believed that NASD Rule 10305 and other law provided them the authority for their decision, which they made their ruling after "thoughtful consideration" and due deliberation. A true and correct copy of the relevant portion of the hearing transcript setting forth the Panel's belief is annexed hereto as Exhibit B.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Panel's dismissal of Defendants' Counterclaims and Third-Party Claims was not manifest disregard of the law. Defendants had intentionally, openly, and willfully refused to comply with a written discovery order. Incredulously, Defendants openly refused to comply with the order after they had represented to the Panel that they would fully comply with the order in a prior motion to obtain relief from the Panel – an additional period of time to comply with the order.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The Panel decision to further deny Defendants' efforts to stay the arbitration proceeding or to disqualify Plaintiffs' counsel was not manifest disregard of the law. Indeed, a Single Justice of Massachusetts' Supreme Judicial Court has ruled that Plaintiff's Counsel's participation at the hearing would not constitute the unauthorized practice of law, and the Single Justice denied Defendants' request for an emergency stay of the arbitration proceeding pending appeal of his decision.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' out-of-state-counsel's participation at the hearing does not constitute the procurement of an award by undue means under the Federal Arbitration Act. Indeed, a Single Justice of Massachusetts' Supreme Judicial Court has ruled that Plaintiff's Counsel's participation at the hearing would not constitute the unauthorized practice of law. See Exhibit A.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants were not precluded from presenting witnesses or evidence at the hearing. The Panel acted within its discretion to admit into evidence the assignment of rights offered by KDSC, and Defendants were not prejudiced by such admission into evidence as they had no legal basis to challenged the assignment. Indeed, since the Panel issued the Award, KDSC's clearing firm has transferred KDSC's monies that it had frozen with respect Defendants' margin debt and transferred the Defendants' margin debt to KDSC's cross-guarantee account. A true and correct copy of the relevant account statements for KDSC's gross-guarantee account and Defendants' accounts reflecting the transfer are annexed hereto as Exhibit C.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

The Panel acted within its discretion under the NASD Code in allowing documents into evidence that had not been previously exchanged by the parties at least twenty days prior to the hearing.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The Award was not procured by undue means under either the Federal Arbitration Act or Massachusetts' Uniform Arbitration Act as the Statement of Claim provided Defendants adequate notice of the claims asserted.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

The participation of counsel licensed to practice law in a state other than the state holding the hearing location does not amount to procuring an award by undue means under either the Federal Arbitration Act or Massachusetts' Uniform Arbitration Act. Further, in this instance, a Single Justice of Massachusetts' Supreme Judicial Court had ruled that Plaintiff's Counsel's participation at the hearing would not constitute the unauthorized practice of law.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

The Panel did not unreasonable refuse to postpone the hearing. The Panel, at the request of Defendants, initially postponed the hearing for a two-month time period so the parties and Panel could address issues that were open on the eve of the originally scheduled hearing. In the interim, a Single Justice of Massachusetts' Supreme Judicial Court ruled that Plaintiff's Counsel's participation at the hearing would not constitute the unauthorized practice of law, and the Single Justice denied Defendants' request for an emergency stay of the arbitration proceeding pending appeal of his decision. Thus, the Panel reasonably concluded that there was insufficient

cause to further postpone the hearing – a hearing in which the Court had denied an application to stay.

**WHEREFORE**, pursuant to 9 U.S.C. §§ 9 and 11 and Mass. Gen. L. c. 251 §§ 11 and 13, Plaintiffs respectfully request that this Court deny the counterclaims and grant the Amended Complaint by:

     a.     Entering an Order confirming the Award and a confirming judgment thereon;

     b.     In the alternative, entering an Order modifying and confirming the Award and confirming judgment thereon, and

     c.     Granting such other and further relief as the Court deems necessary and just.

Dated:  August 29, 2005

                          Respectfully submitted by:

                          /s/ Howard M. Smith
                          Howard M. Smith
                          NEWMAN & SMITH
                          One Gateway Center
                          Newton, Massachusetts 02458
                          (617) 965-9697
                          BBO# 468880
                          Attorneys for Plaintiffs

To:     William P. Corbett, Jr.
         The Corbett Law Firm
         85 Exchange Street, Suite 326
         Lynn, Massachusetts 01901-1429

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
NO. SJ-05-0088

STEVEN MSCISZ, MARK MSCISZ and LYNDA MSCISZ

<u>vs.</u>

KASHNER DAVIDSON SECURITIES CORP., VICTOR KASHNER, MATTHEW
MEISTER, TIMOTHY VARCHETTO, MARC J. ROSS, RICHARD J. BABNICK, JR.
and SICHENZIA ROSS FRIEDMAN FERENCE LLP

<u>MEMORANDUM OF DECISION AND JUDGMENT</u>

This matter came before me on a petition pursuant to G. L.

c. 231A, § 1, filed by Steven Mscisz, Mark Mscisz, and Lynda

Mscisz (the plaintiffs).[1]  The plaintiffs request that I issue

the following declaratory judgments:

> "a.  [A] lawyer admitted to practice in another United
>      States jurisdiction but not admitted to practice in
>      Massachusetts engages in the unauthorized practice of
>      law, in violation of . . . Mass. R. Prof. C. 5.5(a), as
>      well as G. L. c. 221, § 46A, by representing a party or
>      parties at an arbitration hearing held in this
>      Commonwealth;
>
> "b.  [A] Massachusetts attorney, by participating in an

---

[1] General Laws c. 231A, § 1, provides in relevant part:

"The supreme judicial court . . . may on appropriate
proceedings make binding the declarations of right, duty,
status and other legal relations sought thereby, either
before or after a breach or violation thereof has occurred
in any case in which an actual controversy has arisen and is
specifically set forth in the pleadings and whether any
consequential judgment or relief is or could be claimed at
law or in equity or not; and such proceeding shall not be
open to objection on the ground that a merely declaratory
judgment or decree is sought thereby and such declaration,
when made, shall have the force and effect of a final
judgment or decree and be reviewable as such."

arbitration hearing held within the Commonwealth where parties are represented by lawyers not licensed to practice in this jurisdiction, would knowingly assist a violation of Mass. R. Prof. C. 5.5(a) and G. L. c. 221, § 46A, in violation of Mass. R. Prof. C. 5.5(b) and 8.4(a);

"c.   [A]n arbitrator's refusal to postpone the hearing until after this Court resolves the 'unauthorized practice of law' issue would subject any award to vacation under the Commonwealth's version of the Uniform Arbitration Act, G. L. c. 251, § 12 (<u>a</u>) (5); and

"d.   [A]n award issued after an arbitration hearing in which attorneys violated Mass. R. Prof. C. 5.5(a) and G. L. c. 221, § 46A would be procured by 'undue means' and thus subject to vacation under the Commonwealth's version of the Uniform Arbitration Act, G. L. c. 251, § 12."

For the reasons set forth below, I deny the petition.[2] In the particular circumstances presented, defendant attorneys Marc J. Ross and Richard J. Babnick, Jr., and the law firm Sichenzia Ross Friedman Ference LLP (SRFF) will not be engaging in the unauthorized practice of law by representing defendants Kashner Davidson Securities Corporation (KDSC), Victor Kashner, Matthew Meister, and Timothy Varchetto at an arbitration hearing scheduled to take place in Massachusetts.

---

[2] Steven Mscisz, Mark Mscisz, and Lynda Mscisz (the plaintiffs) have also filed a motion to strike the answer and supporting memorandum of law filed by Kashner Davidson Securities Corp., Victor Kashner, Matthew Meister, Timothy Varchetto, Marc J. Ross, Richard J. Babnick, Jr., and Sichenzia Ross Friedman Ference LLP (collectively the defendants) in connection with this petition.  Because the defendants' answer and supporting memorandum of law conformed with the practices and procedures of the Supreme Judicial Court for Suffolk County, I deny the motion.

3

1.  Background.  KDSC, a broker-dealer, is a Florida
corporation that maintains its only place of business in Florida.
Defendants Kashner, Meister, and Varchetto are Florida residents
and registered representatives of KDSC (collectively the broker
defendants).  Defendants Ross and Babnick, attorneys of record
for the broker defendants, are affiliated with the New York City
law firm of SRFF (collectively the lawyer defendants).  They are
admitted to practice law in the State of New York and have
represented KDSC in securities-related matters for many years.
Neither individual is a member of the Massachusetts bar.[3]

On May 25, 2004, the lawyer defendants filed a claim with
the New York office of the National Association of Securities
Dealers, Inc. (NASD) on behalf of KDSC, demanding arbitration
against the plaintiffs, who are residents of Massachusetts.  The
plaintiffs filed an answer, counterclaim, and third-party claims
against Kashner, Meister, and Varchetto.  The NASD selected
Boston as the site for the arbitration, in accordance with its
general policy to "select the hearing location closest to the
[public] customer's residence at the time the dispute arose."
The arbitrators selected to decide the case were drawn from
Massachusetts and New Hampshire.  The plaintiffs subsequently

---

[3]/SRFF does not operate a law practice in Massachusetts, nor
does it advertise within the Commonwealth.  No attorney
affiliated with SRFF is currently an active member of the
Massachusetts bar.

4

filed a motion with the arbitration panel to disqualify the lawyer defendants from representing the broker defendants at the hearing on the basis that they were not admitted to practice law in Massachusetts. The lawyer defendants then requested that the arbitration panel admit them <u>pro hac vice</u> for the purposes of the hearing. The chairperson of the arbitration panel orally denied the plaintiffs' motion to disqualify the lawyer defendants and the plaintiffs' subsequent motion for reconsideration. After the plaintiffs moved for reconsideration a second time, the arbitration panel issued an order denying that motion and ruling "that it is not necessary for counsel to be admitted <u>pro hac vice</u> in this matter."[4] The arbitration hearing is currently scheduled for May 17, 2005.

2. <u>Discussion</u>. Mass. R. Prof. C. 5.5, 426 Mass. 1410 (1998) provides in relevant part: "A lawyer shall not . . . practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction." General Laws c. 221, § 46A, states that "[n]o individual, other than a member, in good standing, of the bar of this commonwealth shall practice law . . . provided, that a member of the bar, in good standing, of any other state may appear, by permission of the court, as attorney or counselor, in any case pending therein,

---

[4] The arbitration panel also dismissed the plaintiffs' counterclaims and third-party claims with prejudice in this order.

5

if such other state grants like privileges to members of the bar, in good standing, of this commonwealth."

The plaintiffs argue for a strict interpretation of Mass. R. Prof. C. 5.5 and G. L. c. 221, § 46A.  They contend that legal representation at an arbitration proceeding constitutes the practice of law and, consequently, an out-of-state attorney who represents a party in an arbitration proceeding that has been assigned to take place in Massachusetts engages in the unauthorized practice of law.  I do not disagree with the general proposition that an attorney's conduct in connection with an arbitration may fall within the broad scope of "the practice of law."  The Supreme Judicial Court has defined this scope to include at least "the practice of directing and managing the enforcement of legal claims and the establishment of the legal rights of others," "the practice of giving or furnishing legal advice as to such rights," and "the practice . . . of drafting documents by which such rights are created."  In the Matter of The Shoe Mfrs. Protective Ass'n, Inc., 295 Mass. 369, 372 (1936). Ross's and Babnick's representation of KDSC in its claim against the plaintiffs would appear to involve such activities.

I also agree that there is no explicit "arbitration exception" in either Mass. R. Prof. C. 5.5 or G. L. c. 221, §

6

46A.5/ The language of rule 5.5 differs from the recently amended

version of rule 5.5 of the American Bar Association Model Rules

of Professional Conduct, which provide in relevant part:

> "(a)  A lawyer shall not practice law in a jurisdiction in
> violation of the regulation of the legal profession in that
> jurisdiction, or assist another in doing so.
>
> "  . . .
>
> "(c)  A lawyer admitted in another United States
> jurisdiction, and not disbarred or suspended from practice
> in any jurisdiction, may provide legal services on a
> temporary basis in this jurisdiction that:
>
> "  . . .
>
> "  . . .
>
> "(3) are in or reasonably related to a pending or potential
> arbitration, mediation, or other alternative dispute
> resolution proceeding in this or another jurisdiction, if
> the services arise out of or are reasonably related to the
> lawyer's practice in a jurisdiction in which the lawyer is
> admitted to practice and are not services for which the
> forum requires pro hac vice admission."

ABA Model Rule 5.5 (2002).  Adoption of this amended rule is

currently under consideration here.  See also Cal. C. Civ. P.

§ 1282.4(b) ("Notwithstanding any other provision of law,

including section 6125 of the Business and Professions Code [the

unauthorized practice of law statute], an attorney admitted to

---

5/The Appeals Court has recently concluded that "[n]othing
in Massachusetts law requires that a party's representative in
arbitration proceedings be admitted to practice in
Massachusetts."  Superadio Ltd. Partnership v. Walt "Baby" Love
Prods., Inc., 62 Mass. App. Ct. 546, 552 n.5 (2004).  Nothing in
Massachusetts law, however, explicitly permits an attorney not
licensed to practice in Massachusetts to serve as legal counsel
at a Massachusetts arbitration proceeding.

7

the bar of any other state may represent the parties in the court of, or in connection with, an arbitration proceeding in this state").

My understanding of the rationale behind Mass. R. Prof. C. 5.5, however, convinces me that its strict application in this matter would create too harsh a result.  The comments to rule 5.5 explain that "[l]imiting the practice of law to members of the bar protects the public against rendition of legal services by unqualified persons."  Implicit in this policy is a concern for Massachusetts citizens.  As the Supreme Court of California noted in Birbrower, Montalbano, Condon & Frank, P.C., v. Superior Court of Santa Clara County, 17 Cal. 4th 119, 132 (1998) (quotations and citations omitted):

> "Many states have substantially similar statutes that serve to protect their citizens from unlicensed attorneys who engage in unauthorized legal practice.  Like [California's] section 6125, these other state statutes protect local citizens against the dangers of legal representation and advice given by persons not trained, examined and licensed for such work, whether they be laymen or lawyers from other jurisdictions."[6]

See also Condon v. McHenry, 65 Cal. App. 4th 1138, 1145-1146 (1998) ("the client's residence or its principal place of

---

[6] In Birbrower, Montalbano, Condon & Frank, P.C. v. Superior Court of Santa Clara County, 17 Cal. 4th 119, 124 (1998), the Supreme Court of California determined that a law firm not licensed to practice law in California violated California's unauthorized practice of law statute "when it performed legal services in California for a California-based client under a fee agreement that stipulated that California law would govern all matters in the representation."

8

business is determinative of the question of whether the practice
is proscribed by section 6125").  Here, the clients are not
Massachusetts citizens, but rather citizens of Florida regularly
represented by the lawyer defendants in securities arbitrations
who have a significant understanding of KDSC's business,
industry, and management.

Further, the context in which the lawyers will be providing
legal services to the broker defendants is an important
consideration that weighs against allowing the plaintiffs'
petition.  Colmar, Ltd. v. Fremantlemedia North America, Inc.,
344 Ill. App. 3d 977, 986 (2003), quoting Restatement (Third) of
Law Governing Lawyers § 3 (2000) ("When . . . activities of a
lawyer in a non-home state are challenged as impermissible for
lack of admission to the state's bar, the context in which and
purposes for which the lawyer acts should be carefully
assessed").  Their representation of KDSC in the underlying
arbitration has to date not involved the practice of law in
Massachusetts, but rather in the firm's home state of New York.
KDSC's claim demanding arbitration against the plaintiffs was
filed with the NASD in New York, as were all pleadings and
motions in the matter.  Boston was selected as the situs of the
arbitration hearing not because of Massachusetts's connection to
the substantive claims at issue, but because of the NASD policy
to select a hearing location close to public customers'

residences.  The NASD Code of Arbitration Procedure will govern

the proceeding, and has no provision for <u>pro hac vice</u> admission,

and no provision limiting who may appear in its proceedings as

counsel.

In light of these particular circumstances, I find no public

policy reason to grant the plaintiffs' request for declaratory

relief.  As the ABA's Commission on Multijurisdictional Practice

has contended:

> "[I]n the [alternative dispute resolution] context, there is
> often a strong justification for choosing a lawyer who is
> not admitted to practice law in the jurisdiction in which
> the proceeding takes place but who has an ongoing
> relationship with the client . . . or has developed a
> particular knowledge of expertise that would be advantageous
> in providing the representation.  Admission to practice law
> in the jurisdiction in which the proceeding takes place may
> be relatively unimportant, in part, because that
> jurisdiction may have no relation to the law governing the
> proceeding or to the dispute.  Unlike litigation, in
> [alternative dispute resolution] parties may select the site
> of the proceedings simply on the basis of convenience.
> . . .  Thus, in [alternative dispute resolution]
> proceedings, the in-state lawyer is not ordinarily better
> qualified than other lawyers by virtue of greater
> familiarity with state law, state legal processes and state
> institutions."

ABA Commission on Multijurisdictional Practice, Report to the

House of Delegates, Report 201B, at 6 (2002),

http://www.abanet.org/cpr/mjp/201b.doc.  Because I conclude that

the lawyer defendants will not engage in the unauthorized

practice of law by representing the broker defendants at this

particular arbitration hearing in Massachusetts, I decline to

address the remaining issues raised by the plaintiffs' petition.

10

The plaintiffs' petition is denied.

Robert J. Cordy
Associate Justice

Entered:  May 06, 2005

1          (Mark Mscisz sworn.)

2          CHAIRMAN GIACOMARRA:  We have no other

3    witnesses to swear in at this point?

4          MR. CORBETT:  Not at this point.

5          CHAIRMAN GIACOMARRA:  Thank you.  The

6    arbitrators have read the papers that have been

7    submitted by the parties.  These papers, along

8    with the executed submission agreements, will be

9    marked and received into evidence as arbitrators

10   Exhibit 1.  We have the statement of claim, we

11   have the answer, affirmative defense and

12   statement of counterclaims and third-party claims

13   of Steven Mscisz, Mark Mscisz and Lynda Mscisz,

14   and submission agreements and the reply and

15   answer of third-party respondents.

16          Now we come to the other open matters

17   at this time; and, Mr. Corbett, we can deal with

18   your issue now.  I know I made a ruling after

19   consulting with the panel that the counterclaims

20   were dismissed with prejudice.

21          MR. CORBETT:  Yes, sir.

22          CHAIRMAN GIACOMARRA:  And you seem to

23   have a problem with that?

24          MR. CORBETT:  I do because that was

Page 19

1    beyond the authority of the panel under the

2    dismissal rule of the Code.  Rule 10305 of the

3    Code allows dismissal under three circumstances:

4    You can dismiss an entire proceeding with the

5    agreement of the parties; you can dismiss the

6    claims at issue without prejudice at the request

7    of the parties, which is what we had requested;

8    or you can dismiss claims with prejudice, but

9    only after, as a sanction, when other sanctions

10    have proven ineffective for eliminating willful

11    disobedience with panel authority.

12            There's never been a finding of

13    willful disobedience of a panel order by the

14    Msciszes, there's never been a sanction assessed

15    against them, and this was not phrased in terms

16    of a sanction either.

17            CHAIRMAN GIACOMARRA:  I think you're

18    missing the point.  I think we do have authority

19    beyond what you've quoted, and that was what our

20    ruling was based on.  It was after thoughtful

21    consideration that the panel reviewed that and

22    made that ruling.  So we feel we do have

23    authority.

24            MR. CORBETT:  Did the panel consider

Page 20

1   the merits of the counterclaim?

2           CHAIRMAN GIACOMARRA:  We did.

3           MR. CORBETT:  When?  They weren't

4   briefed, they weren't argued.  I never had an

5   opportunity --

6           CHAIRMAN GIACOMARRA:  We had the claim

7   in front of us, but we had -- we'll go off the

8   record, take an executive session for a moment

9   here, and if you could leave the room again.

10          (Brief recess.)

11         CHAIRMAN GIACOMARRA:  We're going back

12  on the record.  After review of the matter, the

13  panel is upholding their decision of dismissing

14  the counterclaims with prejudice.  We feel it's

15  within our rights under rule 1035 -- 10305.

16         MR. CORBETT:  Okay.

17         CHAIRMAN GIACOMARRA:  Okay.  Any other

18  matters at this point?

19         MR. CORBETT:  Yes, Mr. Chairman.

20  First I want to note my objection for the record

21  to the ruling on the dismissal with prejudice,

22  but there are also a couple of outstanding

23  discovery motions that we filed on February 24

24  that still have not been ruled upon.  One had

6b4c1a60-4f4e-404a-b95f-09c764e60078

# KASHNER DAVIDSON
## SECURITIES CORPORATION
### MEMBERS NASD, SIPC

941-951-2626

CARRIED BY
STERNE, AGEE & LEACH, INC. SIPC
INVESTMENTS SINCE 1901
205-414-7305

INTRODUCED BY
STERNE AGEE CAPITAL MARKETS, INC.
205-414-7301

PGF  212.00  00    07.372
Illuallullullullullullullullullullullull
KASHNER DAVIDSON SECURITIES
CROSS GUARANTEE ACCOUNT
77 SOUTH PALM
SARASOTA FL 34236-5610

## REDACTED

Account Number:     1256
Taxpayer ID Number: PLEASE PROVIDE
Branch Code: K099
Statement Period: 07/01/05 to 07/31/05

Your Investment Consultant is:
DEFAULT REP
77 SOUTH PALM AVENUE
SARASOTA FL 34236
941 951 2626

((SA0205TX.PDF ))

Page   1 of   2

| ASSET CATEGORY | PRIOR MONTH VALUE | CURRENT MONTH VALUE | PERCENT OF EQUITY | ESTIMATED ANNUAL INCOME | ESTIMATED CURRENT YIELD |
|---|---|---|---|---|---|
| CASH/CASH EQUIVALENT | 361,177.00 | 154.06 | | | |
| SECURITIES | | | | | |
| TOTAL PORTFOLIO SECURITY VALUE | 0.00 | 0.00 | | 0.00 | 0.36% |
| YOUR ACCOUNT NET PORTFOLIO EQUITY | 361,177.00 | 154.06 | | | |

| MONTHLY ACTIVITY SUMMARY | | CASH |
|---|---|---|
| OPENING BALANCE | | 361,177.00 |
| ADDITIONS: | | |
| DEDUCTIONS: | | |
| OTHER | | 361,022.94 |
| CLOSING BALANCE | | 154.06 |

REDACTED

Any questions concerning your monthly statement,
please contact us at 941-951-2626.
Thank you for your business.

Account Number: .  .1256
Taxpayer ID Number: PLEASE PROVIDE
Branch Code: K099
Statement Period: 07/01/05 to 07/31/05

Your Investment Consultant is:
DEFAULT REP

KASHNER DAVIDSON SECURITIES
CROSS GUARANTEE ACCOUNT

Page   2 of  2

## OTHER ACTIVITY

| DATE | TRANSACTION | LOC | QUANTITY | DESCRIPTION | DEBIT | CREDIT |
|------|-------------|-----|----------|-------------|-------|--------|
| 07/18/05 | JOURNAL | C | | V3 . . .7459 | 180,850.75 | |
| 07/19/05 | JOURNAL | C | | V8 L .  .7265 | 180,172.19 | |
| | | | | TOTALS | 361,022.94 | |

REDACTED

END OF STATEMENT

PDF 213 00   00        87,374        20,576

# KASHNER DAVIDSON
## SECURITIES CORPORATION
MEMBERS NASD, SIPC

941-951-2626

CARRIED BY
STERNE, AGEE & LEACH, INC.
INVESTMENTS SINCE 1901
205-414-7801

INTRODUCED BY
STERNE AGEE CAPITAL MARKETS, INC.
205-414-7301

**REDACTED**

Account Number:      7459
Taxpayer ID Number: ON FILE
Branch Code: KXXL
Statement Period: 07/01/05 to 07/31/05

Your Investment Consultant is:
CANCELLATIONS
CMT PLAZA
813 SHADES CREEK PKWY STE 100B
BIRMINGHAM AL 35209-4542
205 252 5900

((SA031166.PDF ))

MARK MSCISZ &
LYNDA E MSCISZ JTWROS
28 HIGH STREET
TOPSFIELD MA 01983-1404

Page  1 of  2

| ASSET CATEGORY | PRIOR MONTH VALUE | CURRENT MONTH VALUE | PERCENT OF EQUITY | ESTIMATED ANNUAL INCOME | ESTIMATED CURRENT YIELD |
|---|---|---|---|---|---|
| CASH/CASH EQUIVALENT | 0.00 | 0.00 | | | |
| SECURITIES | | | | | |
| TOTAL PORTFOLIO SECURITY VALUE | 0.00 | 0.00 | — | 0.00 | 3.49% |
| LESS COMBINED DEBIT BALANCE | | | | | |
| YOUR ACCOUNT NET | 180,850.75DR | 0.00 | | | |
| PORTFOLIO EQUITY | 180,850.75DEP | 0.00 | | | |

| MONTHLY ACTIVITY SUMMARY | CASH |
|---|---|
| OPENING BALANCE | 180,850.75DR |
| ADDITIONS: | |
| OTHER | 180,850.75 |
| DEDUCTIONS: | |
| CLOSING BALANCE | 0.00 |

REDACTED

Any questions concerning your monthly statement, please contact us at 941-951-2626. Thank you for your business.

Your Investment Consultant is:
CANCELLATIONS

Account Number:# /7459
Taxpayer ID Number: ON FILE
Branch Code: KXXL
Statement Period: 07/01/05 to 07/31/05

Page   2 of   2

MARK MSCISZ &
LYNDA E MSCISZ JTWROS

OTHER ACTIVITY

| DATE | TRANSACTION | LOC | QUANTITY | DESCRIPTION | DEBIT | CREDIT |
|------|-------------|-----|----------|-------------|-------|--------|
| 07/19/05 | JOURNAL | C | | CHARGE OFF TO CROSS | | 180,850.75 |
| | | | | GUARANTY # /1256 | | |
| | | | | TOTALS | | 180,850.75 |

REDACTED

END OF STATEMENT

**KASHNER DAVIDSON**
SECURITIES CORPORATION
MEMBERS NASD, SIPC

941-951-2626

CARRIED BY
STERNE AGEE & LEACH INC.
INVESTMENTS SINCE 1901
205-414-7266

INTRODUCED BY
STERNE AGEE CAPITAL MARKETS, INC.
205-414-7301

SIPC

PDF 212 00    00    00,200    21,155    ((1805113S.PDF ))
Illlllllllllllllllllllllllllllllllllllllllllllllllllllll
STEVEN MSC18Z
22 HIGH STREET
TOPSFIELD MA 01983-1404

REDACTED

Account Number: ε /2265
Taxpayer ID Number: ON FILE
Branch Code: KXXL
Statement Period: 07/01/05 to 07/31/05

Your Investment Consultant is:
CANCELLATIONS
CM1 PLAZA
813 SHADES CREEK PKWY STE 100B
BIRMINGHAM AL 35209-4542
205 252 5900

Page 1 of 2

| ASSET CATEGORY | PRIOR MONTH VALUE | CURRENT MONTH VALUE | PERCENT OF EQUITY | ESTIMATED ANNUAL INCOME | ESTIMATED CURRENT YIELD |
|---|---|---|---|---|---|
| CASH/CASH EQUIVALENT | 0.00 | 0.00 | | | |
| SECURITIES | | | | | |
| TOTAL PORTFOLIO SECURITY VALUE | 0.00 | 0.00 | | 0.00 | 0.00 |
| LESS COMBINED DEBIT BALANCE | 180,172.19DR | 0.00 | | | |
| YOUR ACCOUNT NET | | | | | |
| PORTFOLIO EQUITY | 180,172.19DEF | 0.00 | | | |

| MONTHLY ACTIVITY SUMMARY | CASH |
|---|---|
| OPENING BALANCE | 180,172.19DR |
| ADDITIONS: | |
| OTHER | 180,172.19 |
| DEDUCTIONS: | |
| CLOSING BALANCE | 0.00 |

REDACTED

Any questions concerning your monthly statement,
please contact us at 941-951-2626.
Thank you for your business.

Account Number:    /2265
Taxpayer ID Number: ON FILE
Branch Code: KXXL
Statement Period: 07/01/05 to 07/31/05

Your Investment Consultant is:
CANCELLATIONS

Page   2  of  2

STEVEN MSCISZ
22 HIGH STREET

OTHER ACTIVITY

| DATE | TRANSACTION | LOC | QUANTITY | DESCRIPTION | DEBIT | CREDIT |
|------|-------------|-----|----------|-------------|-------|--------|
| 07/19/05 | JOURNAL | C | | CHARGE OFF TO CROSS GUARANTY #: /1256 REDACTED | | 180,172.19 |
| | | | | TOTALS | | 180,172.19 |

END OF STATEMENT

PDF  217  60   00        89,383              34.188