UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

KASHNER DAVIDSON SECURITIES CORP.,
VICTOR KASHNER, MATTHEW MEISTER,
and TIMOTHY VARCHETTO,

    Plaintiffs,

vs.

STEVEN MSCISZ, MARK MSCISZ, and
LYNDA MSCISZ,

    Defendants.

Case No. 05-CV-11433-JLT

---

**PLAINTIFFS' OPPOSITION TO THE MOTION TO STAY
AND MEMORANDUM OF REASONS IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO THE MOTION TO STAY**

The Court should deny Defendants' Motion to Stay because the issue on appeal before the Massachusetts Supreme Judicial Court "(SJC)" has no impact upon this limited proceeding to confirm, modify, or vacate an arbitration award. Rather, Defendants have filed the instant motion to stay this action for the purpose of injecting additional delay in this proceeding. No needless delay should occur and Plaintiff Kashner Davidson Securities Corporation ("KDSC") should be permitted to collect the several hundreds of thousands of dollars owed by Defendants that an Arbitration Panel has already awarded to KDSC.

**ARGUMENT**

Defendants argue that it is necessary for the Court to stay this proceeding under the abstention doctrine until the SJC resolves the appeal filed by Defendants in *Steven Mscisz, et. al.*

*v. Kashner Davidson Securities Corporation, et. al.*, Case No. SJC-09529 (the "Appeal").[1] The issues in the Appeal are whether or not the Single Justice properly exercised his discretion in declaring that Plaintiffs' out-of-state lawyers' participation at the arbitration hearing would not constitute the unauthorized practice of law, and whether the Single Justice, after declaring that Plaintiffs' Lawyers' conduct would not constitute the unauthorized practice of law, properly declined to address the remaining declarations sought by Defendants.[2] Defendants contend that the decision in the Appeal will bear heavily upon this proceeding because if the SJC overturns the Single Justice's decision it would serve as a basis to vacate the arbitration award on the grounds that the award was obtained by "undue means" or the arbitrators unreasonably refused to postpone the hearing pending the appeal of the Single Justice's decision.[3] Defendants, however, fail to provide the Court with the salient facts and do not provide any relevant case law in support of their argument that such a decision would serve as a grounds to vacate the arbitration award.

While the unauthorized practice of law issue in the Appeal is a serious issue, the issues decided in the Appeal have no impact on this proceeding or the arbitration award. The Massachusetts' Arbitration Act and the Federal Arbitration Act provide very narrow grounds for vacating an arbitration award. *See Gupta v. Cisco Systems, Inc.*, 274 F.3d 1 (1st Cir. 2001). As set forth below, the two statutory grounds proffered by Defendants – "undue means" and "refusal

---

[1] Defendants' Statement of Reasons Supporting Customer's Motion to Stay Action and for Protective Order (hereinafter "Deft. Stmnt.") at p. 1.

[2] Deft. Stmnt. at Attachment 3, p. 2.; Attachment 4, at pp. 3-5.

[3] Deft. Stmnt. ¶¶6-8.

to postpone" – are not impacted by the Appeal, and the facts and circumstances in this case demonstrate that there is no basis to vacate the arbitration award on these statutory grounds.

### A. Plaintiffs Did Not Procure the Award by "Undue Means"

Defendants assert that if the SJC overturns the Single Justice's declaration that Plaintiffs' Lawyers conduct was not the unauthorized practice of law, then the Lawyers' participation at the arbitration hearing would amount to obtaining an award by "undue means" requiring the vacatur of the arbitration award.[4] Defendants are mistaken.

In considering what activity would constitute "undue means", Massachusetts Courts have held that "undue means", in the context of the Massachusetts Arbitration Act, are "associated with fraud" and noted that other courts have "said 'undue means' was equivalent in gravity to corruption or fraud, such as a physical threat to an arbitrator." *Garcia v. Briggs*, 60 Mass. App. Ct. 1107, 800 N.E.2d 346, 2003 WL 22941820 (Mass. App. Ct. 2003)(citing to federal law interpreting provisions of the Federal Arbitration Act, which parallels Massachusetts' Arbitration Act). Similarly, Federal Courts construing Section 10(a)(1) of the Federal Arbitration Act ("FAA"), have held that the term 'undue means' "must be read in conjunction with the words 'fraud' and 'corruption' and thus requires proof of intentional misconduct . . . . Undue means, warranting a vacatur of award, include measures equal in gravity to bribery, corruption, or physical threat to an arbitration . . . ." *Liberty Securities Corp. v. Fetcho*, 114 F.Supp.2d 1319, 1321 (S.D. Fl. 2000)(citing *Painewebber Group, Inc. v. Zinsmeyer Trusts Partnership*, 187 F.3d 988, 991 (8th Cir. 1999).

---

[4] Deft. Stmnt. ¶8.

Here, Plaintiffs' Lawyers participation at the hearing was not conduct that would give rise to obtaining an arbitration award by "undue means". Prior to the arbitration hearing, Plaintiffs, their Lawyers, and Defendants were parties to an action before a Single Justice of the SJC seeking a declaratory judgment as to whether the Lawyers' participation at the hearing would constitute the unauthorized practice of law.[5] After the matter was fully briefed and argued before the Single Justice, the Single Justice issued a decision and judgment wherein the Single Justice declared, in the particular circumstances presented, that the Lawyers would <u>not</u> be engaging in the unauthorized practice of law by representing Plaintiffs at the arbitration hearing scheduled to occur in Boston, Massachusetts (the "Decision").[6] While Defendants subsequently filed a Motion for Injunction Pending Appeal, which was denied, Defendants fail to inform the Court that the Single Justice held that "[Defendants] have failed to show any harm, let alone irreparable harm, will result if injunctive relief is denied. On the other side of the equation lies the important public interest in the efficient and unimpeded arbitration of disputes, an interest *that will be harmed if this arbitration is further delayed*."[7]

In reliance upon the Decision and the Single Justice's denial of a stay and direction that the arbitration should go forward, Plaintiffs and their Lawyers proceeded to arbitration and the hearing went forward on May 17, 2005. Plaintiffs' reliance upon the legal decision and declaration issued by the Single Justice was reasonable and lawful. Indeed, at the arbitration hearing, Defendants' Counsel, William Corbett, Jr., Esq., acknowledged that Plaintiffs' actions

---

[5] Deft. Stmnt. at Attachment 1.

[6] *See* Deft. Stmt. at Attachment 1, Attachment 3, p. 6; Attachment 4 at p. 9.

[7] Deft. Stmnt. at Attachment 1, p. 2. (emphasis added).

4

to retain local counsel to appear at the hearing "was not necessary . . . because of the order of the single justice last week.  Mr. Ross was not enjoined from participating at this proceeding."[8]

In similar circumstances, the U.S. Supreme Court has held that "[i]n Massachusetts, as in most jurisdictions, the determinations of a judge acting within his jurisdiction, even if erroneous, are valid and binding *until* they are set aside under some recognized procedure." *Massachusetts v. Sheppard*, 468 U.S. 981, 990 (1984)(refusing to rule that an officer is required to disbelieve a judge who has advised him, by word or action, that he possesses authorization to take the requested action) (emphasis added).  Therefore, Plaintiffs and their Lawyers relied, in good faith, upon the Decision, which was the valid and binding declaration between the parties at the time of the arbitration hearing, and their subsequent participation at the hearing did not constitute obtaining an arbitration award by "undue means", fraud, or corruption.

Regardless of the outcome of the Appeal, Plaintiffs acted lawfully at the time based on the Decision of the Single Justice, and any subsequent decision that the Single Justice was in error would not be tantamount to Plaintiffs obtaining an arbitration award by undue means.  Noticeably, Defendants cite no legal authority to the contrary.

Accordingly, there is no basis for staying this proceeding.[9]

---

[8] A true and correct copy page 214 of the hearing transcript for the second day of the arbitration hearing, which occurred on May 18, 2002, is annexed hereto as Exhibit A.  The quoted text appears at lines 4 through 6 of page 214.

[9] Defendants' statement that "the Brokers and their counsel (Attachment #4) make clear that issues of Massachusetts law to be decided in the Appeal are inextricably intertwined with the issues raised in Counts II, III, IV and V of the Customers' counterclaims in the caption action" is not true.  *See* Deft. Stmnt. ¶6.  As set forth in Plaintiffs' Appellate Brief, Plaintiffs did not endorse Defendants' statement that the issues on Appeal would effect this action, rather Defendants stated that Defendants' position was "without merit" and that "such vexatious litigation demonstrates the lengths to which the Customers will go in order to avoid having to pay KDSC the monies that they have long owed the firm."  *Id*. at Attachment 4, p. 27.

5

### B.      The Arbitrators Did Not Unreasonably Refuse to Postpone the Hearing

Defendants assert that "if the SJC rules that the arbitrators should have postponed the arbitration hearing pending resolution of the Appeal" then Mass. Gen. L. 251 § 12(a)(4) requires vacation of the arbitration award.[10]  Defendants are in error for several reasons.

Initially, the issue being decided on Appeal is not whether the arbitrators should have postponed the arbitration hearing pending resolution of the Appeal.[11]  Rather the issues on appeal concern whether the Single Justice properly exercised his discretion when: i) the Single Justice declared that the Lawyers' conduct was not the unauthorized practice of law; and ii) when the Single Justice declined to address the remaining declarations sought by Defendants.[12]  Thus, the outcome of the Appeal will not decide the remaining declarations, but rather, if the Decision is overturned, the SJC will remand the issue back to the Single Justice for his determination – a Single Justice who had already denied an application to stay the arbitration hearing to avoid any further delay.

Further, under the Massachusetts Arbitration Act and the FAA, the refusal by an arbitrator to postpone a hearing will only serve as a basis to upset an arbitration award if the arbitrators abused their discretion in denying such a postponement and there was sufficient cause shown to warrant postponing the hearing.  *See Bay State York Co. v. Canter Construction Co.*, 5 Mass. App. Ct. 192, 194, 360 N.E.2d 900 (Mass. App. 1977)( arbitrators '"granting of a continuance is a matter of discretion, and refusal to grant it will be held in error only if there was

---

[10] Deft. Stmnt. ¶7.

[11] *See* Deft. Stmnt., Attachment 4, p. 5.

[12] Id. at p. 24.  One of the remaining declarations sought by Defendants was whether the arbitrators' refusal to adjourn the hearing until after the unauthorized practice of law issue was resolved would be in violation of the Massachusetts Arbitration Act.

an abuse of discretion"); *see also, Restaurant Consulting Services, Inc. v. Mountzuris*, 253 F.Supp.2d 45, (D.C. Mass. 2003). Here, the Arbitrators did not abuse their discretion in proceeding with the arbitration hearing.

Surprisingly, Defendants fail to inform the Court that the Arbitrators had previously granted Defendants' request to postpone the original hearing dates when the unauthorized practice of law issue was still pending before the Single Justice.[13] Thus, when the unauthorized practice of issue was undecided, the Panel did grant an adjournment of the hearing date. It was only after the Single Justice issued his Decision and after the Single Justice issued an Order denying Defendants' emergency application to stay the arbitration proceeding, that the Arbitrators denied any further delay efforts by Defendants to delay the arbitration proceeding and held the arbitration hearing on May 17, 2005.[14] Although Defendants had filed a Notice of Appeal, a different Single Justice held that, "[Defendants] essentially filed their notice of appeal as a mere option to take an appeal in the event of an adverse arbitration ruling."[15] And after receiving the adverse arbitration ruling, Defendants, untimely, docketed their Notice of Appeal and subsequently propounded an excuse for their late filing – an excuse that the Single Justice found "rings hollow".[16]

Accordingly, the Arbitrators' decision to proceed forward with the arbitration hearing was not an abuse of discretion because a Single Justice of the SJC had denied Defendants'

---

[13] *See* Complaint at Exhibit B, p. 4 (the "Award").

[14] *See* Deft. Stmnt., Attachment 1.

[15] Deft. Stmnt, Attachment 2 at p. 2.

[16] Id. at p. 3

request to stay the arbitration and allowed the hearing to go forward in order to prevent any further delay.

## CONCLUSION

While the Appeal may resolve an important issue under Massachusetts' law, the outcome of the Appeal will not effect this proceeding to confirm, modify, or vacate an arbitration award. The very narrow grounds for vacating an arbitration award are not effected by the Appeal because Plaintiffs and their Lawyers acted in good faith upon the Decision of the Single Justice – a legal declaration that is valid and lawful until set aside on appeal. Further, the Arbitrators did not abuse their discretion in granting any further postponements of the hearing after the Single Justice had denied Defendants' motion for an injunction seeking the same relief.

Accordingly, the Court should deny Defendants' Motion to Stay this proceeding.[17]

Dated: September 30, 2005

Respectfully submitted by:

/s/Howard M. Smith
Howard M. Smith
NEWMAN & SMITH
One Gateway Center
Newton, Massachusetts 02458
(617) 965-9697
BBO# 468880

Richard J. Babnick Jr., Admitted *Pro Hac Vice*
SICHENZIA ROSS FRIEDMAN FERENCE LLP
1065 Avenue of the Americas, 21st Floor
New York, New York 10018
(212) 930-9700

Attorneys for Plaintiffs

---

[17] With respect to the Request for a Protective Order, it is Plaintiffs' position that no discovery should be conducted in this proceeding – a narrow proceeding to confirm, modify, or vacate an arbitration award of a fully-litigated dispute.

To:    William P. Corbett, Jr.
        The Corbett Law Firm
        Attorneys for Defendants
        85 Exchange Street, Suite 326
        Lynn, Massachusetts 01901-1429

Page 214

1   "you" for purposes of the collection cost
2   provision in the agreement.
3           Third of all, Mr. Smith, his presence
4   was not necessary today because of the order of
5   the single justice last week. Mr. Ross was not
6   enjoined from participating in this proceeding.
7   And it's not like Mr. Smith has played an active
8   role in the hearing as well. So to the extent
9   that they seek to recover for his services
10  associated with this, that would not be
11  reasonable and would not be consistent with any
12  agreement or any power to award attorneys' fees
13  and collection costs.
14          MR. ROSS: May I be heard in response?
15          CHAIRMAN GIACOMARRA: I'm going to
16  just rule on it. We're going to note your
17  objections but allow both of these exhibits in.
18  The panel will take your objections into
19  consideration, but we're going to allow these in
20  for our own use.
21          (Documents marked as Exhibits C29
22          and C30.)
23          CHAIRMAN GIACOMARRA: Before we rest,
24  I'm going to ask if anybody else on the panel has