UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

————————————————————————    )
                                            )
KASHNER DAVIDSON SECURITIES CORP., *et al.* )
                                            )
            v.                              )        Case No. 05-CV-11433-JLT
                                            )
STEVEN MSCISZ, *et al.*                     )
————————————————————————    )


### MOTION FOR ENLARGEMENT OF PAGE LIMIT AND FOR ENLARGEMENT OF TIME TO FILE OPPOSITION TO "MOTION TO MODIFY AND CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGEMENT [SIC] THEREON"


Defendants/plaintiffs-in-counterclaim Steven Mscisz, Mark Mscisz and Lynda Mscisz (collectively "Customers") respectfully request that the Court grant them leave to file a memorandum exceeding the 20-page limit set by Local Rule 7.1(B)(4) as their opposition to the motion (DE #20) of the plaintiffs/ defendants-in-counterclaim, Kashner Davidson Securities Corp., Victor Kashner, Matthew Meister and Timothy Varchetto (collectively "Brokers") for confirmation of the arbitration award underlying this civil action. The Customers further request that the Court enlarge until June 9, 2006 the period set by Local Rule 7.1(B)(2) and Rule 6(a) of the Federal Rules of Civil Procedure in which they may file and serve that opposition.

Pursuant to Local Rule 7.1(B)(1), the Customers respectfully submit the following memorandum of reasons, including citation of supporting authorities, why the motion should be granted.

*The Page Limit*

1.    Local Rule 7.1(B)(4) authorizes the Court to grant parties leave to file memoranda supporting or opposing allowance of motions that exceed the 20-page limit fixed by that rule.

2.    Acting pursuant to that authority, by electronic order dated April 6, 2006, the Court allowed the Brokers' motion (DE #19) to enlarge the page limit for their motion to confirm the award.

3.    The substantive motion ultimately filed by the Brokers' counsel on May 15, 2006 was a 33-page document.

4.    The Customers cannot squarely address the manifold legal arguments presented by the Brokers within the 20 pages afforded by Local Rule 7.1(B)(4).

5.    However, the Customers anticipate that they can address those legal arguments in a 35-page brief.

6.    In light of the foregoing, it would be an appropriate exercise of discretion for the Court to allow the Customers to file an opposition that exceeds 20 pages in length.

7.    The Brokers assent to such an enlargement of the page limit.


*The Time Limit*

8.    The customers initially determined, pursuant to Local Rule 7.1(B)(2) and Rule 6(a) of the Federal Rules of Civil Procedure, that they must file their opposition to the Brokers' motion to confirm the award on or before May 30, 2006.  That was the fifteenth day following the filing and service of that motion, but the fourteenth day was Memorial Day, a legal holiday.

9.      On May 26, 2006, the Customers counsel attempted to file, using the Court's ECF system, an assented-to motion (Exhibit A) seeking an extension of that deadline until June 6, 2006 (as well as the foregoing enlargement of the page limit for their opposition).

10.     Because the period originally prescribed for filing that opposition had not yet expired, the Court "for good cause shown" could "at any time in its discretion" enlarge that period.  Good cause was certainly present.  More specifically, in the 10 days after the Brokers filed their motion, the Customers' attorney has confronted an extraordinary workload which has prevented him from devoting sufficient time to preparing responses to the many arguments set forth in that motion.  In cases he is handling for other clients, counsel has had to prepare 2 summary judgment motions, argue one such motion, and prepare a petition for appellate review pursuant to MASS. GEN. L. c. 231, § 118 (1st par.). While it has always been (and remains) counsel's intention to be diligent in responding, he could not address the Brokers' motion in this case, as well as the voluminous affidavit submitted in support of that motion, without neglecting his obligations to other clients.

11.     However, when counsel attempted to file that motion on May 26, 2006, the ECF system generated a message stating that the Customers' opposition was not due until June 9, 2006.  Counsel thereafter sent an e-mail (Exhibit B) to the Brokers' counsel, stating that he had received such a message and that he would operate under the assumption that the June 9, 2006 date referenced in the ECF message was correct, and that he would only be moving for leave to file an opposition exceeding 20 pages in length.  The Brokers' counsel never expressed any objection to that approach.

12.     Counsel has for the last 10 days operated under the assumption that he would have until June 9, 2006 to file his opposition, and he structured his workload during that period with the expectation that he would have that additional time to respond to the Brokers' motion.

13.     This evening, the Customers' counsel – still assuming that June 9 was the deadline for the opposition – logged into the PACER system with the intention of filing the assented-to motion to enlarge the page limit.  Out of curiosity, he clicked the "Deadlines/Hearings" link on the "Query" page for this case on PACER, and to counsel's surprise, that results page for that query stated that the deadline for his opposition was the May 30, 2006 date he had originally calculated.

14.     Under these unusual circumstances, to the extent the Customers' failure to meet that deadline may be deemed "neglect" within the meaning of Fed. R. Civ. P. 6, it was certainly "excusable neglect", and the few additional days requested by the Customers are necessary for their counsel to address the Brokers' arguments squarely and completely.

15.     The Brokers, in contrast, would not be prejudiced by the modest enlargement of time requested by the Customers.


WHEREFORE, the Customers respectfully request that the Court allow this motion, enlarge the 20-page limit for their opposition to the Broker's motion to confirm the arbitration award, and enlarge until June 9, 2006 the period in which they may file and serve that opposition.

STEVEN MSCISZ,
MARK MSCISZ & LYNDA MSCISZ,

By their attorney,

*/s/ William P. Corbett, Jr.*
_____
William P. Corbett, Jr. (BBO #561201)
THE CORBETT LAW FIRM
 *A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
(781) 596-9300

## LOCAL RULE 7.1(A)(2) CERTIFICATE

I hereby certify that I conferred with Howard M. Smith, Esquire and Richard J. Babnick, Jr., Esquire, attorneys for the plaintiffs/defendants-in-counterclaim, attempting in good faith to resolve or narrow the issues raised by this motion.

*/s/ William P. Corbett, Jr.*
_____
William P. Corbett, Jr.

Dated:  June 4, 2006

## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.4(c) and 5.2(b), I hereby certify that this document, which is being filed with the Court through its ECF system, will be sent electronically to Howard M. Smith, Esquire, a registered ECF participant and attorney of record for the plaintiffs/defendants-in-counterclaim, on this fourth day of June, 2006.

*/s/ William P. Corbett, Jr.*
_____
William P. Corbett, Jr.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

———————————————————————————  )
                                                                )
KASHNER DAVIDSON SECURITIES CORP., *et al.*    )
                                                                )
                        v.                                      )          Case No. 05-CV-11433-JLT
                                                                )
STEVEN MSCISZ, *et al.*                                  )
———————————————————————————  )


**MOTION FOR ENLARGEMENT OF PAGE LIMIT AND FOR
ENLARGEMENT OF TIME TO FILE OPPOSITION TO
"MOTION TO MODIFY AND CONFIRM ARBITRATION AWARD
<u>AND FOR ENTRY OF JUDGEMENT [SIC] THEREON</u>"**

Defendants/plaintiffs-in-counterclaim Steven Mscisz, Mark Mscisz and Lynda Mscisz (collectively "Customers") respectfully request that the Court grant them leave to file a memorandum exceeding the 20-page limit set by Local Rule 7.1(B)(4) as their opposition to the motion (DE #20) of the plaintiffs/ defendants-in-counterclaim, Kashner Davidson Securities Corp., Victor Kashner, Matthew Meister and Timothy Varchetto (collectively "Brokers") for confirmation of the arbitration award underlying this civil action. The Customers further request that the Court enlarge until June 6, 2006 the period set by Local Rule 7.1(B)(2) and Rule 6(a) of the Federal Rules of Civil Procedure in which they may file and serve that opposition. The Brokers, through their counsel, assent to the allowance of this motion.

Pursuant to Local Rule 7.1(B)(1), the Customers respectfully submit the following memorandum of reasons, including citation of supporting authorities, why the motion should be granted.

### *The Page Limit*

1.      Local Rule 7.1(B)(4) authorizes the Court to grant parties leave to file memoranda supporting or opposing allowance of motions that exceed the 20-page limit fixed by that rule.

2.      Acting pursuant to that authority, by electronic order dated April 6, 2006, the Court allowed the Brokers' motion (DE #19) to enlarge the page limit for their motion to confirm the award.

3.       The substantive motion ultimately filed by the Brokers' counsel on May 15, 2006 was a 33-page document.

4.      The Customers cannot squarely address the manifold legal arguments presented by the Brokers within the 20 pages afforded by Local Rule 7.1(B)(4).

5.      However, the Customers anticipate that they can address those legal arguments in a 35-page brief.

6.      In light of the foregoing, it would be an appropriate exercise of discretion for the Court to allow the Customers to file an opposition that exceeds 20 pages in length.

### *The Time Limit*

7.      Pursuant to Local Rule 7.1(B)(2) and Rule 6(a) of the Federal Rules of Civil Procedure, the Customers currently must file their opposition to the Brokers' motion to confirm the award on or before May 30, 2006.  That is the fifteenth day following the filing and service of that motion, but the fourteenth day is Memorial Day, a legal holiday.

8.      Where, as here, the period originally prescribed for filing that opposition has not yet expired, the Court "for good cause shown may at any time in its discretion" enlarge that period.

9.    Good cause certainly exists here.  More specifically, in the 10 days since the Brokers filed their motion, the Customers' attorney has confronted an extraordinary workload which has prevented him from devoting sufficient time to preparing responses to the many arguments set forth in that motion.  In cases he is handling for other clients, counsel has had to prepare 2 summary judgment motions, argue one such motion, and prepare a petition for appellate review pursuant to MASS. GEN. L. c. 231, § 118 (1st par.).  While it has always been (and remains) counsel's intention to be diligent in responding, he could not address the Brokers' motion in this case, as well as the voluminous affidavit submitted in support of that motion, without neglecting his obligations to other clients.

10.    The 7 additional days requested by the Customers should afford their counsel sufficient time to address the Brokers' motion squarely and thoroughly.

11.    The Brokers, in contrast, would not be prejudiced by the modest enlargement of time requested by the Customers.

WHEREFORE, the Customers respectfully request that the Court allow this motion, enlarge the 20-page limit for their opposition to the Broker's motion to confirm the arbitration award, and enlarge until June 6, 2006 the period in which they may file and serve that opposition.

STEVEN MSCISZ,
MARK MSCISZ & LYNDA MSCISZ,

By their attorney,

*/s/ William P. Corbett, Jr.*
_____
William P. Corbett, Jr. (BBO #561201)
THE CORBETT LAW FIRM
  *A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
(781) 596-9300

## LOCAL RULE 7.1(A)(2) CERTIFICATE

I hereby certify that I conferred with Howard M. Smith, Esquire, and Richard Babnick, Esquire, attorneys for the plaintiffs/defendants-in-counterclaim, attempting in good faith to resolve or narrow the issues raised by this motion.  In connection with that conference, Mr. Babnick manifested his clients' assent to the foregoing motion.

*/s/ William P. Corbett, Jr.*

_____

William P. Corbett, Jr.


Dated:  May 26, 2006


## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.4(c) and 5.2(b), I hereby certify that this document, which is being filed with the Court through its ECF system, will be sent electronically to Howard M. Smith, Esquire, a registered ECF participant and attorney of record for the plaintiffs/defendants-in-counterclaim, on this twenty-sixth day of May, 2006.

*/s/ William P. Corbett, Jr.*

_____

William P. Corbett, Jr.

## Bill Corbett

**From:**    Bill Corbett [wpc@bostonbarristers.com]
**Sent:**    Friday, May 26, 2006 1:40 PM
**To:**      'RBabnick@srff.com'
**Subject:** RE: KDSC v Mscisz

When I was going to file the motion on the ECF system, it was bounced because the Court had already docketed the due date as June 9. (I don't know why, but I'm not complaining.) If it's OK with you, instead of stirring the pot and making additional work for the judge, I'll treat the June 9 date now in the system as the due date, modifying my motion so that it only seeks enlargement of the page limit.

Is that OK?

William P. Corbett, Jr.
THE CORBETT LAW FIRM
*A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
Phone: (781) 596-9300
Fax: (781) 596-9302
www.BostonBarristers.com

> -----Original Message-----
> **From:** RBabnick@srff.com [mailto:RBabnick@srff.com]
> **Sent:** Friday, May 26, 2006 1:20 PM
> **To:** wpc@bostonbarristers.com
> **Cc:** MRoss@srff.com; hms@hmsmith.com
> **Subject:** RE: KDSC v Mscisz
>
> We assent to your motion to enlarge the page limitation to 35 page and your time to respond to June 6, 2006.
>
>
> Sincerely yours,
>
> Richard J. Babnick Jr., Esq.
> Sichenzia Ross Friedman Ference LLP
> 1065 Avenue of the Americas, 21st Floor
> New York, New York 10018
> (212) 930-9700

**From:** Bill Corbett [mailto:wpc@bostonbarristers.com]
**Sent:** Friday, May 26, 2006 12:36 PM
**To:** Richard Babnick
**Subject:** FW: KDSC v Mscisz

Richard,

I just spoke with Howard, who said to take up with you the issues raised in my e-mail to him of yesterday.

Please advise me ASAP whether you will assent to the attached motion. Otherwise, call me immediately so we may confer pursuant to LR 7.1. I need to get the motion filed today.

Thanks

Bill Corbett


**William P. Corbett, Jr.**
THE CORBETT LAW FIRM
*A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
Phone: (781) 596-9300
Fax: (781) 596-9302
www.BostonBarristers.com

-----Original Message-----
**From:** Bill Corbett [mailto:wpc@bostonbarristers.com]
**Sent:** Thursday, May 25, 2006 11:44 AM
**To:** 'hms@hmsmith.com'
**Subject:** KDSC v Mscisz

Howard,

I need to file a motion to enlarge the page limit for my response to your motion to the same 35 pages you got.

I also want ask for leave to file that response a week late.  (I've been crushed over the last ten days, writing 2 summary judgment motions, a single justice appeal, and arguing another summary judgment motion).

Please let me know ASAP whether you will assent to these motions.  Otherwise, advise me of a time you will be free later today, so we may confer pursuant to LR 7.1.

Thanks for your anticipated courtesy.

Bill Corbett


William P. Corbett, Jr.
THE CORBETT LAW FIRM
*A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
Phone: (781) 596-9300
Fax: (781) 596-9302
www.BostonBarristers.com