UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KASHNER DAVIDSON SECURITIES CORP., VICTOR KASHNER, MATTHEW MEISTER, and TIMOTHY VARCHETTO,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVEN MSCISZ, MARK MSCISZ, and LYNDA MSCISZ,<br><br>Defendants. | * * * * * * * * * * * * * | Case No. 05-CV-11433-MLW |

    CHRISTINE FROST, as an employee of Sichenzia Ross Friedman Ference LLP, being duly sworn, deposes and says: I am not a party to the action, am over 18 years of age and reside in Bethpage, New York. On September 4, 2008 served a true copy of the within Plaintiff's Opposition to Defendants' Motion for Reconsideration by placing copies of the same in a sealed envelope with postage prepaid thereon, in an official depository of the United States Postal Service within the State of New York, to the last known address of the parties listed below:

William P. Corbett, Jr.
The Corbett Law Firm
121 Loring Avenue, Suite 805
Salem, Massachusetts 01970

John A. Sten, Esq.
Jason C. Moreau, Esq.
Greenberg Traurig LLP
One International Place, 20th Floor
Boston, Massachusetts 02110

_____
Christine Frost

Sworn to before me this
4th day of September, 2008

_____
NOTARY PUBLIC

MATTHEW KAMEN
Notary Public, State of New York
No. 02KA6130038
Qualified in New York County
Commission Expires July 5, 20__

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KASHNER DAVIDSON SECURITIES CORP., VICTOR KASHNER, MATTHEW MEISTER, and TIMOTHY VARCHETTO,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVEN MSCISZ, MARK MSCISZ, and LYNDA MSCISZ,<br><br>Defendants. | Case No. 05-CV-11433-MLW |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

Plaintiffs Kashner Davidson Securities Corp. ("KDSC"), Victor Kashner, Matthew Meister, and Timothy Varchetto (collectively "Plaintiffs") hereby oppose Defendants Steven Mscisz, Mark Mscisz, and Lynda Mscisz' ("Defendants') Motion for Reconsideration of the Court's Order dated August 20, 2008 in which the Court vacated the arbitration award and remanded the matter back to the Financial Industry Regulatory Authority ("FINRA") for further proceedings consistent with the First Circuit's Decision (the "Order"). Plaintiffs respectfully request that the Court deny Defendants' Motion for Reconsideration on the grounds that: i) Defendants fail to demonstrate any basis under Federal Rules of Civil Procedure 59(e) or 60(b) for reconsideration of the Order; and ii) the relief requested by Defendants would leave the parties adrift and may require Plaintiff KDSC to initiate a new proceeding to obtain the relief that the Arbitration Panel awarded – relief that the First Circuit did not criticize or take issue.

On June 27, 2008, the First Circuit issued its decision in which it reversed the District Court's confirmation of the arbitration award and remanded the case to the District Court for an

order vacating the arbitration award (the "Decision").[1] In its Decision, the First Circuit precisely framed the issue before it and decided, namely:

> On appeal, Mscisz asserts, inter alia, that the Panel deprived them of a fundamentally fair hearing by sua sponte dismissing their counterclaims and third-party claims with prejudice on the merits or, alternatively, that the Panel acted in manifest disregard of the law by dismissing the claims with prejudice as a sanction.
>
> After carefully reviewing the provisions of the NASD Code (the "Code"), which were incorporated into the parties' arbitration agreement, and the Panel's explanation of its decision, we hold that the Panel manifestly disregarded the law by dismissing appellants' counterclaims and third-party claims as a sanction in contravention of the explicit terms of the Code, which specify that such a sanction can be entered only after lesser sanctions have been imposed and have proven ineffective. We therefore reverse the decision of the district court and remand the case for entry of an order vacating the arbitration award.[2]

The First Circuit did not take issue with the Panel's award of affirmative relief to KDSC on its claims or any other decisions reached by the Panel; it only addressed the Panel's sanction dismissal of Defendants' counterclaims and third-party claims.[3] The First Circuit's Decision also did not instruct the District Court to remand this dispute to a new arbitration panel.[4]

On July 10, 2008, Plaintiffs filed a request before then-presiding Judge Joseph L. Tauro requesting that, when the Court remands the matter back to FINRA, it direct FINRA to reconstitute the original Arbitration Panel (Arthur J. Giacomarra, Esq., Douglas R. Gray, J.D.,

---

[1] Docket No. 35.

[2] Decision at p. 3 (Docket No. 35).

[3] *See generally,* Decision (Docket No. 35).

[4] *Id.*

2

and Patrick W. McKeon, Esq.) under the previously existing Case No. 04-03793 for further proceedings consistent with the Decision.[5]

Defendants did not file any response to Plaintiffs' request for the Court to remand this matter back to the original Arbitration Panel.[6]

On August 20, 2008, the Court issued its logical and practical Order vacating the Arbitration Award and remanding the matter to FINRA for further proceedings consistent with the First Circuit's Decision.[7] Any other decision would have left the parties adrift without guidance as to how to proceed and may have required Plaintiff KDSC to start its claims anew. Such an outcome would work an extreme prejudice to Plaintiff KDSC as it would have to restart a proceeding that has now spanned over four years and caused it to incur over $100,000 in legal fees and costs.

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration" such as Defendants have filed in this proceeding, but rather, the courts typically treat such motions as motions to alter or amend a judgment under Fed. R. Civ. P. 59(e) or for relief from a judgment or order under Fed. R. Civ. P. 60(b).[8] As the document at issue is an order, rather than a judgment, Rule 59(e) is inapplicable and Rule 60(b) is the controlling rule. Rule 60(b), however, only provides for relief from an order in limited instances: i) mistake, inadvertence, surprise or excusable neglect; ii) newly discovered evidence; iii) fraud,

---

[5] Docket No. 37

[6] *See generally*, Docket.

[7] Docket No. 40.

[8] *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

3

misrepresentation, or other misconduct of an adverse party; iv) the judgment is void; v) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated; or vi) any other reason justifying relief from the operation of the judgment.[9] Relief under Rule 60(b) is "extraordinary in nature and motions under the rule should be granted sparingly."[10] Here, Defendants' two-page Motion for Reconsideration does not identify any of these factors and it does not demonstrate how any of the criteria set forth in Rule 60(b) have been satisfied. Rather, Defendants merely recite the language of the First Circuit's one-page Judgment in a vacuum without considering the content of the First Circuit's twenty-four page Decision.

Accordingly, Plaintiffs respectfully request that the Court deny Defendants' Motion for Reconsideration and allow the parties to work towards reaching a final resolution of this dispute before the original FINRA Arbitrators by allowing FINRA to hold further proceedings consistent with the First Circuit's Decision.

Dated: September 4, 2008

                                            Respectfully submitted,

                                            Richard J. Babnick Jr., Esq.
                                            Sichenzia Ross Friedman Ference LLP
                                            61 Broadway, 32nd Floor
                                            New York, New York 10006
                                            (212) 930-9700

---

[9] Fed. R. Civ. P. 60(b) (West 2008).

[10] *Rector v. Murphy*, No. 02-11781-MLW, 2008 WL 427297 at * 2 (D.Mass Feb. 17, 2008).

        and

        Howard M. Smith, Esq. (BBO# 468880)
        NEWMAN & SMITH
        One Gateway Center
        Newton, Massachusetts 02458
        (617) 965-9900

        Attorneys for Plaintiffs

To:    William P. Corbett, Jr.
       The Corbett Law Firm
       121 Loring Avenue, Suite 805
       Salem, Massachusetts 01970

       John A. Sten, Esq.
       Jason C. Moreau, Esq.
       Greenberg Traurig LLP
       One International Place, 20th Floor
       Boston, Massachusetts 02110