```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

KASHNER DAVIDSON SECURITIES    )
CORPORATION, et al,            )
        Plaintiffs,            )
                               )
     v.                        )     C.A. No. 05-11433-MLW
                               )
STEVEN MSCISZ, et al,          )
        Defendants.            )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          June 25, 2010

I.  INTRODUCTION

This case involves a dispute over a securities arbitration proceeding. In July 2005, plaintiff Kashner Davidson Securities Corporation ("Kashner Davidson") filed an amended complaint in the District of Massachusetts, seeking to confirm the arbitration award that had previously issued in its favor on claims against the defendant investors for breach of contract and fraud regarding their alleged margin of debt. In issuing the award, an arbitration panel of the National Association of Securities Dealers (the "NASD") had dismissed with prejudice both the defendants' counterclaims against Kashner Davidson for violations of federal and state securities fraud laws and common law, as well as their third-party claims against Kashner Davidson's representatives. The panel did so as a sanction for the defendants' failure to comply with a discovery order pursuant to Rule 10305 of the NASD Code of Arbitration Procedure, the provisions of which were incorporated in the parties' arbitration agreement.

In November 2006, Judge Joseph L. Tauro confirmed the

arbitration award. See Kashner Davidson Securities Corp. v. Mscisz, 531 F.3d 68, 73 (1st Cir. 2008) ("Kashner Davidson I"). In June 2008, on appeal, the Court of Appeals of the First Circuit reversed Judge Tauro's decision, finding that the arbitration panel had "manifestly disregarded the law by dismissing [the defendants'] counterclaims and third-party claims as a sanction in contravention of the explicit terms of the [NASD] Code, which specify that such a sanction can be entered only after lesser sanctions have been imposed and have proven ineffective." Id. at 70-71. The First Circuit concluded that the dismissal reflected the panel's "intentional and willful disregard of the clear and unequivocal language" of the NASD Rules, and remanded the case for an order vacating the arbitration award. Id. at 71.

On July 15, 2008, the case was reassigned to this court. On August 20, 2008, this court ordered the award vacated and remanded the matter to the Financial Industry Regulatory Authority ("FINRA"), the successor organization to the NASD, for further proceedings consistent with the First Circuit's decision. See August 20, 2008 Order. On August 29, 2008, the defendants filed a motion for reconsideration of that order, arguing that it was inconsistent with the First Circuit's judgment because the First Circuit had not explicitly directed the court to remand the matter. The plaintiffs responded, arguing, inter alia, that the order was not inconsistent with the First Circuit's judgment and that the

matter should be remanded to the same arbitration panel that had issued the initial award.

On December 30, 2008, after considering the filings of both parties, the court denied the motion for reconsideration, stating that it was doing so "essentially for the reasons stated in the Plaintiff's Opposition."  December 30, 2008 Electronic Order.  On May 19, 2009, the defendants appealed, arguing that the court's remand order failed to comply with the First Circuit's decision, and that the denial of their motion for reconsideration "tacitly adopt[ed]" the plaintiff's assertion that, <u>inter alia</u>, the First Circuit had condoned remand to the original arbitration panel.  Brief for Defendants-Appellants at 14.

On April 1, 2010, the First Circuit affirmed this court's remand order, and remanded the matter to this court for the specific, limited purpose of specifying "whether (1) a new arbitration panel should be constituted, (2) the original arbitration panel should be reconstituted, or (3) FINRA should decide the issue in the first instance according to its own practices and procedures."  <u>Kashner Davidson Securities Corp. v. Mscisz</u>, 2010 WL 1241532, *14 (1st Cir. Apr. 1, 2010)("<u>Kashner Davidson II</u>").

II. DISCUSSION

It is within this court's discretion to remand this matter to

the same arbitration panel or to a new one.  Id. at 13; see also Aircraft Braking Sys. v. Local 856, UAW, 97 F.3d 155, 162-63 (6th Cir. 1996).  Generally, the interests in efficiency weighs in favor of remand to the same panel.  See Koken v. Cologne Reinsurance (Barbados), Ltd., 2006 U.S. Dist. LEXIS 87888, *6 (M.D. Pa. Dec. 5, 2006); Tempo Shain Corp. v. Bertek, Inc., 1997 WL 580775, *2 (S.D.N.Y. Sept. 17, 1997).  However, where "the arbitrator in question acted, or failed to act, in a manner from which one might infer bias against one of the parties, corruption, fraud, or other misconduct," remand to a new arbitrator is appropriate.  In re A.H. Robins Co., 230 B.R. 82, 86 (Bankr. E.D. Va. 1999); see also Koken, 2006 U.S. Dist. LEXIS at *6.  In particular, where an arbitrator acted in manifest disregard of the law, courts have remanded to a new arbitrator.  See, e.g., Montes v. Shearson Lehman Bros., Inc., 128 F.3d 1456, 1464 (11th Cir. 1997); Koken, 2006 U.S. Dist. LEXIS at *6.

Here, where the parties were in arbitration nearly a year and the panel has already decided some of the claims presented to it on the merits, the interests in efficiency are considerable. Nevertheless, as noted earlier, the First Circuit found that the panel acted with "intentional and willful disregard of the clear and unequivocal language" of the NASD rules.  Kashner Davidson I at 79.  Moreover, in reaching this conclusion, the First Circuit noted that shortly prior to dismissing the defendants' claims, the panel

itself stated that it had "considered the merits of appellants' claims in deciding to dismiss them," despite the fact that the claims had been neither briefed nor argued. Id. at 76. The First Circuit concluded that "[t]hat consideration could not plausibly [have] disappear[ed]" before the panel dismissed the claims, and "[t]hus, in some fashion, the Panel's assessment of the merits of these claims informed its decision to dismiss them as a sanction." Id.

In light of the First Circuit's finding that the panel's views on the merits of the defendants' claims influenced its decision to disregard the law in dismissing those claims, remand to another panel is most appropriate. Compare Westvaco Corp. v. Local 579, United Paperworkers, Int'l Union, 1992 WL 121372 (D. Mass. Mar. 5, 1992) (remanding to the same arbitrator where the record revealed no bias or prejudice against either party on the arbitrator's part). Therefore, it is hereby ORDERED that this matter is REMANDED to a new FINRA arbitration panel for further proceedings consistent with the First Circuit's decisions in this case.

                                                /s/ MARK L. WOLF
                                                UNITED STATES DISTRICT JUDGE